IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**TAMMY SHERRELL WILSON,**

       **Plaintiff,**

v.                                    Case No. 3:18-cv-00890

**UNITED STATES;**
**WEST VIRGINIA DIVISION**
**OF CORRECTIONS**
**WEXFORD MEDICAL; and**
**ADMINISTRATION and STAFF**
**AT FAULT (1990 through present),**

       **Defendants.**

## MEMORANDUM OPINION and ORDER

Pending is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 1). With more than $10,000 in her inmate account, Plaintiff clearly has sufficient funds to pay the $400 filing fee. Therefore, her Application to proceed in *forma pauperis* is **DENIED**. Plaintiff shall pay the full filing fee within **thirty (30) days** of the date of this Order. Plaintiff is hereby notified that her case will not proceed until the fee is paid, and the failure to pay the fee shall result in a recommendation of dismissal for failure to prosecute under Fed. R. Civ. P. 41(b) and L. R. Civ. P. 41.1

Also pending is Plaintiff's Motion for Appointment of Counsel. (ECF No. 4). For the reasons that follow, the Court **DENIES** the motion, without prejudice to reconsideration of Plaintiff's request for counsel in the future.

1

Plaintiff has no constitutional right to counsel in an action brought under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915(e)(1) (2010); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). Although the Court has some discretion in assigning counsel, the United States Court of Appeals for the Fourth Circuit has clearly stated that motions for the appointment of counsel in civil actions should be granted "only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). When determining whether a particular case rises to that level, the Court must consider the complexity of the claims in dispute and the ability of the indigent party to present them. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984); *see also Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982). ("[N]o comprehensive definition of exceptional circumstances is practical. The existence of such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individuals bringing it.") (footnote omitted).

Here, Plaintiff argues that her case justifies the appointment of counsel because she is incarcerated, lacks legal training, and has limited access to legal materials and her medical documents. Unfortunately, none of these circumstances constitutes an "exceptional" ground, separately or together, meriting the appointment of counsel. While Plaintiff's incarceration undoubtedly makes it more difficult for her to prosecute her lawsuit, this circumstance does not, in and of itself, satisfy the "exceptional" standard. *See, e.g., Louis v. Martinez,* Case No. 5:08-cv-151, 2010 WL 1484302, at *1 (N.D.W. Va. Apr. 12, 2010). Moreover, most *pro se* litigants lack legal knowledge and training. Clearly, the lack of a legal background is not unique. Finally, many litigants have to work with limited resources. Courts are willing to accommodate such issues by providing additional time for parties faced with difficulties to comply with deadlines. The undersigned has examined the complaint, as well as the myriad of supporting documents supplied by

Plaintiff. Although Plaintiff tends to overwork her arguments and, thereby burdens the process with extraneous materials, Plaintiff's concerns are communicated. Consequently, she appears capable of presenting her claims at this stage of the litigation. Therefore, the motion for the appointment of counsel must be denied.

It is so **ORDERED**.

The Clerk is instructed to provide a copy of this Order to Plaintiff.

**ENTERED:** August 1, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge