IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TAMMY SHERRELL WILSON,

     Plaintiff,

v.                                        Case No. 3:18-cv-00890

UNITED STATES;
WEST VIRGINIA DIVISION
OF CORRECTIONS
WEXFORD MEDICAL; and
ADMINISTRATION and STAFF
AT FAULT (1990 through present),

     Defendants.

## MEMORANDUM OPINION and ORDER

Pending are the following Motions filed by Plaintiff: (1) Motion to Appoint Counsel, a Private Investigator, and/or Guardian ad litem, (ECF No. 22); (2) Supplemental Motion For Appointment of Counsel, (ECF No. 25); and (3) Supplemental Motion for the Appointment of Counsel—Information in Support, (ECF No. 34). For the reasons the undersigned explained at length to Plaintiff during the status conference, these motions are **DENIED**.

In her motions, Plaintiff contends that she needs the assistance of an attorney and investigator, or a guardian ad litem, because she has experienced difficulty reviewing documents that she needs to review in order to pursue her claims. Furthermore, she needs to collect additional materials and cannot easily do so when she is incarcerated. (ECF No. 22 at 2). Plaintiff points out that incarcerated individuals are at a disadvantage in conducting discovery, and she is concerned that she will not be able to complete her

investigation without outside assistance. (ECF No. 25 at 2). Plaintiff argues that her case is information-heavy, and she has very few resources at her disposal. (ECF No. 34 at 3-4).

However, as previously stated, none of these circumstances constitutes an "exceptional" ground, separately or together, meriting the appointment of counsel. While Plaintiff's incarceration undoubtedly makes it more difficult for her to prosecute her lawsuit, this circumstance does not, in and of itself, satisfy the "exceptional" standard set forth in *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). *See, e.g., Louis v. Martinez,* Case No. 5:08-cv-151, 2010 WL 1484302, at *1 (N.D.W. Va. Apr. 12, 2010). At the status conference, the undersigned ordered the defendants to provide some of the documentation requested by Plaintiff and to facilitate her review of other information, In addition, Plaintiff was given extended deadlines to allow her sufficient time to complete her collection and review of the documents. The discovery process was outlined for her, and she understood that if additional time was required, she could file a motion requesting same. Tools in aid of discovery, such as motions to compel, were also explained. Plaintiff is articulate and intelligent; therefore, she appears fully capable of prosecuting her claims at this stage of the litigation. Therefore, her motions are not persuasive. It is so **ORDERED**.

The Clerk is instructed to provide a copy of this Order to Plaintiff, counsel of record, and any unrepresented party.

**ENTERED:** April 17, 2019

_____
Cheryl A. Eifert
United States Magistrate Judge