# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

**TAMMY SHERRELL WILSON,**

   **Plaintiff,**

v.                Case No. 3:18-cv-00890

**WEST VIRGINIA DIVISION
OF CORRECTIONS
WEXFORD MEDICAL; and
ADMINISTRATION and STAFF
AT FAULT (1990 through present),**

   **Defendants.**

## ORDER

Pending are several motions/documents related to initial disclosures and discovery, including the following:

1. West Virginia Division of Corrections' ("DOC") Objections to Plaintiff's Request for Documents, (ECF No. 52);

2. Plaintiff's Motion to Extend Time to File Amended Complaint, (ECF No. 56); and

3. Plaintiff's Motion to Compel, (ECF No. 57).

The issues have been fully briefed by the parties. For the reasons that follow, the Court **SUSTAINS**, in part, and **OVERRULES**, in part, the DOC's objections and correspondingly **GRANTS**, in part, and **DENIES**, in part, Plaintiff's Motion to Compel. Furthermore, the Court **GRANTS** Plaintiff's Motion to Extend. Plaintiff shall have through and including **July 5, 2019** in which to file her amended complaint.

1

## I. Introduction

On April 1, 2019, Defendants were instructed to provide some preliminary disclosures to Plaintiff in order to assist her in identifying individuals she wished to add as parties to this civil action. (ECF No. 47) In addition, the parties were given deadlines in which to conduct discovery. (*Id.* at 4). To facilitate the production of the preliminary disclosures, Plaintiff was ordered to provide to the DOC a list "indicating the specific institutional records—such as incident reports, log books, and other reports relevant to Plaintiff's claims—that Plaintiff believes are necessary to identify parties to be joined in this litigation." (*Id.* at 2). Plaintiff did submit such a list to the DOC; however, the DOC believed the list was broader in scope than that ordered by the Court and, thus, refused to produce certain materials. Accordingly, a substantial portion of the DOC's objections to Plaintiff's list is based on the contention that the list seeks information beyond that ordered by the Court.

Having reviewed the list, the Court agrees that a portion of the requested documents exceed the scope of the specific order pertaining to the identification of potential defendants. Notwithstanding this fact, because Plaintiff was concurrently permitted to submit written discovery, the undersigned has construed requests that are beyond the scope of the order as stand-alone requests for the production of documents. For that reason, the DOC's objections to requests based solely on their relevance to the order are **DENIED** and each contested request is examined on its merits.

## II. Discussion

### A. Request 1

In request 1, Plaintiff asked for documents related to a civil rights complaint she attempted to file in 2010. Plaintiff states that the draft complaint and substantiating

documents were removed from her cell and never returned. She subsequently was disciplined by Lakin Correctional Center ("LCC") for allegedly taking the complaint form and instructions from the facility's library. Defendant objected to request 1 on the basis of scope, which Plaintiff argues is a blanket objection signifying Defendant's arbitrary and capricious compliance with discovery obligations. Although Defendant also contends that request 1 fails to identify documents to be produced, it appears to the undersigned that Plaintiff wants her draft civil rights complaint and substantiating documentation returned.

The Court notes that the incident described by Plaintiff is quite remote in time, making her need for the documents questionable. While Plaintiff claims that documents from as long as twelve years ago are relevant to show continuing retaliation and discrimination, a section 1983 case typically is designed to remedy discrete acts of retaliation and discrimination. Once a plaintiff knew or should have known of the retaliation or discrimination, the statute of limitations begins to run and is not tolled by subsequent, unrelated episodes of discrimination or retaliation. Nonetheless, because discovery has just started in this case, the Court **OVERRULES** the DOC's objection to this request; **GRANTS** Plaintiff's motion to compel; and **ORDERS** the DOC to provide Plaintiff, on or before **June 21, 2019,** with a copy of her draft 2010 civil rights complaint and supporting documentation if the DOC retains possession of these documents.

**B. Request 2**

In request 2, Plaintiff seeks documentation establishing the treatment of inmates at Mount Olive Correctional Center ("MOCC"). Plaintiff claims that the inmates housed at MOCC are males, who committed crimes similar in severity to those committed by the female inmates at LCC, and that the male inmates at MOCC are treated better than the

female inmates at LCC. Plaintiff claims the male DOC inmates have better educational opportunities, recreation options, equipment, and accommodations. The DOC again objects to the request on the basis of scope. Having considered the request, which is chronologically broad and seeks substantial documentation—much of which is likely irrelevant—the Court **SUSTAINS** the objection, in part, and **GRANTS**, in part, the motion to compel. The DOC is **ORDERED** to provide the following information to Plaintiff within the next **thirty (30) days**: to the extent there are institutional differences between MOCC and LCC as to how the inmates are treated, the DOC must state in writing the nature of the differences with respect to inmate pay levels, educational opportunities, recreation, open houses, visitation before and after parole hearings, dress code, accommodations, and facility "extra incentive activities." The time period to be reviewed for differences, if any, is **May 1, 2016 through the present**. At this point, the DOC is not required to produce any written policies, procedures, or administrative memoranda from either facility.

### C. Request 3

Plaintiff seeks information regarding the tap water and environmental information at LCC. The Court **SUSTAINS** the DOC's objection and **DENIES** Plaintiff's motion to compel as this information does not appear relevant to the issues in the complaint.

### D. Requests 4, 5, 6

In these requests, Plaintiff asks for various information related to a wrist injury she suffered while incarcerated at LCC. The DOC objected to portions of the requests on the grounds of scope and lack of responsive documents. The Court **OVERRULES** the DOC's objections, in part, and **GRANTS** the motion to compel, in part, as follows: on or before June 21, 2019, the DOC shall provide Plaintiff with materials in response to request 4(c),

4

(f), and (g). The objections are **SUSTAINED** and the motion to compel is **DENIED** as to request 5(e) and request 6(e) as the DOC has no responsive documents and to request 5(f) and request 6(f), because they are duplicative of request 4(g). The DOC shall provide any documentation in its possession that was not already provided and that relates to Plaintiff's wrist injury, including all stages of its treatment and healing.

E. **Request 7**

Plaintiff's Motion to Compel is **GRANTED**, and the DOC's objections are **OVERRULED**. To the extent the DOC has documents responsive to this request, they shall be produced to Plaintiff on or before **June 21, 2019**.

F. **Requests 8 and 9**

Plaintiff's Motion to Compel is **GRANTED**, and the DOC's objections are **OVERRULED**. To the extent the DOC has documents responsive to these requests, they shall be produced to Plaintiff on or before **June 21, 2019**.

G. **Request 10**

This request asks for the 2010 civil rights complaint and supporting materials. As this request is duplicative of request 1, Plaintiff's Motion to Compel is **DENIED**.

H. **Requests 11, 12**

Plaintiff complains that her cell was searched on May 7, 2018 and that some of her religious worship and sentimental items were taken. She asks for documents related to that search and for policies governing the searches. Plaintiff's motion to compel is **GRANTED**, and the objections states are **OVERRULED**. To the extent materials exist, the DOC shall provide to Plaintiff on or before **June 21, 2019** documents responsive to request 11 (c), (d), and (e) and request 12. If any portion of the policies are withheld, the DOC should provide a reason for non-production.

### I. Request 13

In this request, Plaintiff asks for the entire operations manual of MOCC, including administrative memoranda, and the "non-viewable" policy directives and ACA standards at LCC, among other things. The DOC's objections to this request are **SUSTAINED**, and the motion to compel is **DENIED**. Plaintiff's request is far too broad in both subject matter and time frame and is not proportional to the needs of this case; therefore, the request is beyond the scope of discovery permitted by Fed. R. Civ. P. 26(b). Plaintiff may serve the DOC with a *more focused* document request after receiving the information sought in request 2.

The Clerk is instructed to provide a copy of this Order to Plaintiff and counsel of record.

**ENTERED:** June 12, 2019

Cheryl A. Eifert
United States Magistrate Judge