IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TAMMY SHERRELL WILSON,

    Plaintiff,

v.              CIVIL ACTION NO. 3:18-0890

UNITED STATES;
WEST VIRGINIA DIVISION OF CORRECTIONS;
WEXFORD MEDICAL and ADMINISTRATION/STAFF
AT FAULT, (1990 through present);
WARDEN LORI NOHE, in her personal capacity;
J.D. SALLAZ, Acting Warden of Lakin Correctional Center,
in his official capacity;
SUSAN BIRDSONG, in both her personal and official capacities;
CORRECTIONAL OFFICER CHERYL SPENCER,
in her personal capacity;
NATHAN BALL, in both his personal and official capacities;
BETSY JIVIDEN, Commissioner of the DCR, in her official capacity,
CANDY DAVIS, Aramark supervisor, in her personal capacity,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending are Plaintiff Tammy Sherrell Wilson's objections to the Proposed Findings and Recommendations ("PF&R") regarding the Motion for Judgment on the Pleadings by Defendant West Virginia Division of Corrections and Rehabilitation ("DCR") and the Motion to Dismiss by Defendant Wexford Health Services, Inc. ("Wexford"). ECF Nos. 78, 79. For the reasons below, the Court **ADOPTS AND INCORPORATES** Magistrate Judge Cheryl A. Eifert's PF&R. ECF No. 78. Accordingly, the Court **DISMISSES** the United States with prejudice; **GRANTS** DCR's Motion for Judgment on the Pleadings, ECF No. 27; **DISMISSES** DCR with prejudice; and **DENIES** Wexford's Motion to Dismiss, ECF No. 36.

# I. PROCEDURAL BACKGROUND

Plaintiff, proceeding pro se, filed her Complaint on May 3, 2018. ECF No. 3. DCR filed its Answer on September 7, 2018, and a Motion for Judgment on the Pleadings on October 15, 2018. ECF Nos. 19, 27. Wexford filed a Motion to Dismiss on December 19, 2018. ECF No. 36. After considering the two motions, Magistrate Judge Eifert filed her PF&R on August 1, 2019. ECF No. 78. She recommends the Court dismiss the United States with prejudice, grant DCR's Motion for Judgment on the Pleadings, dismiss DCR with prejudice, deny Wexford's Motion to Dismiss, and allow Plaintiff to continue discovery on her claims against Wexford. ECF No. 78. Plaintiff filed objections to the PF&R, and DCR submitted a response to Plaintiff's objections. ECF Nos. 79, 82. Wexford filed no objections.

# II. LEGAL STANDARD

In reviewing the PF&R, the Court must "make a de novo determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In doing so, the Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court, however, is not required to review the factual or legal conclusions of the magistrate judge to which no party objects. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Courts will uphold those portions of a recommendation to which no party objects unless they are "clearly erroneous." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

When a party acts pro se, the Court must liberally construe the party's pleadings and objections. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, failure to raise specific errors waives the right to de novo review because "general and conclusory" objections do not warrant such review. *McPherson v. Astrue*, 605 F. Supp. 2d 744, 749 (S.D. W. Va. 2009) (citing *Orpiano*

*v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). Incoherent objections and those which largely reiterate the same facts and legal arguments raised before the magistrate judge are similarly not entitled to review. *Reynolds v. Saad*, No. 1:17-124, 2018 WL 3374155, at *2 (N.D. W. Va. July 11, 2018), *aff'd,* 738 F. App'x 216 (4th Cir. 2018).

### III. DISCUSSION

#### A. DCR's Motion for Judgment on the Pleadings

Most of Plaintiff's objections do not actually contest Magistrate Judge Eifert's application of the law in the PF&R. Instead, Plaintiff raises broader concerns about DCR officials' abuse of power, the severity of Plaintiff's allegations, the need for accountability, and the welfare of incarcerated women at the Lakin Correctional Center. These concerns go to the merits of Plaintiff's case, but they are not related to the specific issue at hand in DCR's motion—whether the Court can maintain DCR as a party in this action.

Plaintiff's objections that are immunity-related seem to result from a misunderstanding of how sovereign immunity operates and what the consequences of DCR's sovereign immunity are. As Magistrate Judge Eifert discusses in depth, sovereign immunity under the Eleventh Amendment bars suits against states and their agencies but does not preclude suits against certain state officers responsible for challenged state action. ECF No. 78, at 13–17. Sovereign immunity, therefore, does not bar Plaintiff from naming responsible individuals as defendants in this action. Indeed, since the filing of the PF&R at issue, Plaintiff has joined seven individuals as additional parties. ECF Nos. 68, 83. The joining of five more individuals as parties awaits decision by this Court. ECF No. 84.

Therefore, the Court finds Plaintiff failed to raise any valid objections to dismissing DCR in this action. As detailed in the PF&R, state sovereign immunity and the inapplicability of Section

1983 actions to state agencies are well-established in the law and require the dismissal of DCR here. ECF No. 78, at 13–19. The Court **OVERRULES** any objections by Plaintiff to the contrary.

### B. Wexford's Motion to Dismiss

No party objected to Magistrate Judge Eifert's findings and recommendations regarding Wexford's Motion to Dismiss. Therefore, the Court accepts and incorporates these findings and recommendations.

### IV. CONCLUSION

The Court **ADOPTS AND INCORPORATES** Magistrate Judge Eifert's PF&R, ECF No. 78; **DISMISSES** the United States with prejudice; **GRANTS** DCR's Motion for Judgment on the Pleadings, ECF No. 27; **DISMISSES** DCR with prejudice; and **DENIES** Wexford's Motion to Dismiss, ECF No. 36.

The Court **DIRECTS** the Clerk to send a copy of this order to counsel of record and any unrepresented parties.

ENTER: September 5, 2019

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE