IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TAMMY SHERRELL WILSON,

    Plaintiff,

v.                                            Case No. 3:18-cv-00890

WEXFORD MEDICAL and
ADMINISTRATION/STAFF
AT FAULT, (1990 through present);
WARDEN LORI NOHE;
J. D. SALLAZ; SUSAN BIRDSONG;
CORRECTIONAL OFFICER CHERYL SPENCER;
NATHAN BALL; BETSY JIVIDEN; and
CANDY DAVIS,

    Defendants.

## MEMORANDUM OPINION and ORDER

Pending are Plaintiff's Motions to Compel, (ECF Nos. 95, 106), and Plaintiff's Motions for the Appointment of Counsel, (ECF No. 105, 127). For the reasons previously stated, (ECF Nos. 4, 22, 85), Plaintiff's Motions for the Appointment of Counsel are **DENIED**. It does not appear that Plaintiff has made any recent effort to retain counsel. She may contact the West Virginia State Bar or Mountain State Justice if she needs assistance in locating counsel. However, at this stage in the litigation, Plaintiff is sufficiently capable of prosecuting her claims and has not shown justification for the appointment of counsel.

With respect to the Motions to Compel, which are identical and seek information previously ordered to be produced to Plaintiff, the Motions are **GRANTED**, in part, and **DENIED**, in part. Plaintiff complains about four documents

1

or categories of documents that the Court ordered the West Virginia Division of Corrections and Rehabilitation ("DCR") and Wexford Health Sources, Inc. ("Wexford") to produce in June 2019, but which have not been supplied to date. (ECF No. 60). In particular, Wexford was ordered to provide Plaintiff with a portion of a log book that allegedly contained the name of a DCR/Wexford employee who denied Plaintiff medical care in November 2017. In addition, Wexford was to allow Plaintiff to review the table of contents of Wexford's policies and procedures, so that Plaintiff could identify relevant policies for production.

With regard to the DCR, the DCR was ordered to provide Plaintiff with a 2010 complaint she drafted, which she claims was taken from her by a DCR employee, as well as a <u>written summary</u> detailing any differences in the treatment of male inmates housed at Mount Olive Correctional Center ("MOCC") and female inmates housed at Lakin Correctional Center ("LCC"). Plaintiff alleges that the DCR treats the inmates differently, and that the disparities in treatment are due solely to gender inequality. The subject matter of the summary was to include disparities in: inmate pay levels, educational opportunities, recreation, open houses, visitation before and after parole hearings, dress code, accommodations, and "extra incentive activities." The DCR was given thirty days to list the differences, if any.

In response to Plaintiff's first Motion to Compel, Wexford filed a response in opposition to the Motion. (ECF No. 96). Wexford argued that no "log book," as described by Plaintiff, exists. Therefore, Wexford cannot produce an item that does not exist. Wexford further contended that it provided Plaintiff with the table of contents and she selected various policies/procedures for production; however, some of the policies/procedures earmarked by Plaintiff were entirely irrelevant to the instant

2

action. Wexford cited, as an example, Plaintiff's request for otolaryngology policies when no claim is pending related to that field of medicine.

Plaintiff did not reply to Wexford's response, but subsequently filed a document in which she explains her need for Wexford's information. (ECF No. 117). Plaintiff does not dispute Wexford's contention that no log book exists containing the information she seeks. Accordingly, Plaintiff's motion to compel the log book is denied. Similarly, Plaintiff does not contest Wexford's argument that Plaintiff requested policies unrelated to this case. Having reviewed the policies requested by Plaintiff, and noting the underlying claims, the undersigned agrees with Wexford. Consequently, Plaintiff's motion to compel the additional policies requested from Wexford is denied.

With respect to the DCR, the Court notes that on **September 5, 2019**, the DCR was dismissed as a defendant in this case, in part, on the ground of sovereign immunity. (ECF No. 93). At the time the DCR was dismissed, it had failed to comply with the undersigned's **June 12, 2019** Order, compelling the DCR to produce the information currently sought by Plaintiff. While it is true that the DCR filed objections to the undersigned's order, (ECF No. 62), the DCR did not request and was not granted a stay of the order. The Local Rules of this district clearly state that "[w]hen an objection to a magistrate judge's ruling on a non-dispositive pretrial motion is filed pursuant to FR CIV P. 72(a), the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or by a district judge." *See* L. R. Civ. P. 72.2. Other courts in this circuit, as well as courts in other circuits have similarly held that a magistrate judge's non-dispositive order is not automatically stayed by the filing of objections. (stating that *See, e.g., Herbalife Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 5:05CV41, 2006 WL 2560271, at *3 (N.D.W. Va. Sept. 5, 2006) (holding that

the filing of objections did not stay the Magistrate Judge's discovery order); *Digital-Vending Servs. Int'l, LLC v. Univ. of Phoenix Inc.*, No. 2:09CV555, 2010 WL 11450510, at *1 (E.D. Va. Apr. 22, 2010) (same) (citing *Plant v. Merrifield Town Center Ltd. P'ship*, 711 F. Supp. 2d 576, 584 (E.D. Va. 2010) ("[T]here is no support for the contention that a magistrate judge's order on a nondispositive motion, such as the discovery orders in issue here, is automatically stayed upon timely filing of an objection to that order."); *Diamond v. Bon Secours Hosp.*, No. WMN-09-865, 2010 WL 11549876, at *2 (D. Md. Apr. 15, 2010) (noting the court's local rule that stated the obligations or deadlines in a magistrate judge's order were not automatically stayed by the filing of objections); *Esparza v. Bridgestone/Firestone, Inc.*, 200 F.R.D. 654, 656 (D. Colo. 2001) (stating that there is no controlling authority in the circuit holding that a discovery order of a Magistrate Judge is stayed by objections); *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) ("Even though a party may object to a magistrate judge's order on a non-dispositive matter, the order is nonetheless a final order absent reversal by the district court. As a result, an objection to such final order does not stay the order or relieve the party of the obligation to comply with the order."); *Lineback ex rel. N.L.R.B. v. Coupled Prod., LLC*, No. 1:12-CV-85-RLM-RBC, 2012 WL 2504909, at *2 (N.D. Ind. June 28, 2012) (same). Consequently, the DCR should have complied with the Order.

Given that the undersigned's Order has not been set aside, counsel for the DCR's argument that the DCR should not have to comply with the Order, because the DCR is no longer a party to this action, is unpersuasive. (ECF No. 112). The DCR was required to produce the information within thirty days of the entry of the Order. Therefore, the DCR was still a defendant in the case when the information was due. Certainly, the

DCR should not expect to be rewarded for ignoring a valid court order. Therefore, Plaintiff's motion to compel the information previously ordered, regarding alleged disparities between male and female inmates, is granted. The DCR is **ORDERED** to produce the information within **fourteen days** of the entry of this Order. However, as the DCR does not have the 2010 civil rights complaint, Plaintiff's motion to compel that document is denied.

The Clerk is instructed to provide a copy of this Order to Plaintiff, counsel of record, any unrepresented party, and Philip B. Sword, counsel for the DCR.

**ENTERED:** February 12, 2020

Cheryl A. Eifert
United States Magistrate Judge