**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**TAMMY SHERRELL WILSON,**

**Plaintiff,**

**v.** **Case No. 3:18-cv-00890**

**WEXFORD MEDICAL and**
**ADMINISTRATION/STAFF**
**AT FAULT, (1990 through present);**
**WARDEN LORI NOHE;**
**J. D. SALLAZ; SUSAN BIRDSONG;**
**CORRECTIONAL OFFICER CHERYL SPENCER;**
**NATHAN BALL; BETSY JIVIDEN; and**
**CANDY DAVIS,**

**Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Plaintiff, Tammy Sherrell Wilson (hereinafter "Plaintiff"), proceeding *pro se,* seeks money damages and equitable relief under 42 U.S.C. § 1983 for violations of her civil rights that allegedly occurred during her incarceration at the Lakin Correctional Center ("Lakin") in Mason County, West Virginia. This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5). Currently pending is the Motion to Dismiss of Lori Nohe. (ECF No. 114). Plaintiff has filed a response in opposition to the motion. (ECF No. 126). Therefore, the issues have been fully briefed. For the reasons that

follow the undersigned respectfully **RECOMMENDS** that the Motion to Dismiss be **DENIED**, as moot.

## I. Discussion

On July 2, 2019, Plaintiff moved to amend her complaint and add Lori Nohe, former Warden at Lakin, as a defendant in this action. (ECF No. 68). On August 19, 2019, the motion was granted, and Defendant Nohe was joined in the case in her personal capacity. (ECF No. 83). The Clerk of Court was directed to issue a summons to Defendant Nohe, and the United States Marshals Service was ordered to serve the summons and complaint on the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure. (*Id.*).

On August 30, 2019, the West Virginia Division of Corrections and Rehabilitation ("DCR") provided the Clerk with Defendant Nohe's address for service of process, and the Clerk promptly issued the summons, using the address provided by the DCR. (ECF Nos. 91, 92). On October 24, 2019, the United States Marshals Service filed a return of service, reflecting that Defendant Nohe had been served with process by delivering the summons and complaint to David Farmer, Assistant Commissioner of the DCR, rather than by delivering the documents to Defendant Nohe's address. (ECF No. 102).

Accordingly, on November 20, 2019, Defendant Nohe, by special appearance, filed the instant Motion to Dismiss on the ground that she had not been properly served with the summons and complaint. (ECF No. 114). Defendant noted that the United States Marshal attempted to serve her at her prior place of employment, which was not proper under the Federal Rules of Civil Procedure. (ECF No. 115). Defendant asked that the complaint against her be dismissed for insufficiency of service of process.

On November 26, 2019, the Clerk of Court reissued the summons to Defendant Nohe and provided the summons and complaint to the United States Marshals Service for delivery to Defendant Nohe. (ECF No. 119). The following day, the Marshals Service personally served Defendant Nohe in accordance with Rule 4. (ECF No. 125). Defendant Nohe filed an answer to the complaint on December 18, 2019. (ECF No. 128).

Given that Defendant Nohe has now been properly served with process, the undersigned **FINDS** that the Motion to Dismiss is moot.

## II. Proposal and Recommendation

For the reasons set forth above, the undersigned **RECOMMENDS** that the presiding District Judge **DENY** the Motion to Dismiss of Lori Nohe, as moot, (ECF No. 114).

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, The parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140

(1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers. and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff and counsel of record.

**FILED:** March 6, 2020

Cheryl A. Eifert
United States Magistrate Judge