IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**TAMMY SHERRELL WILSON,**

      **Plaintiff,**

v.                                                                          Case No. 3:18-cv-00890

**WEXFORD MEDICAL and
ADMINISTRATION/STAFF
AT FAULT, et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER SEALING EXHIBITS

Pending is the Motion of Defendants Beegle and Wexford Medical to seal various exhibits. (**ECF No. 199**). Based on the Court's *in camera* review, all of the exhibits to be sealed constitute protected health information of Plaintiff. Due to the confidential nature of the Exhibits, and the requirement that such information not be unnecessarily published, the Court **GRANTS** the motion and **ORDERS** the Clerk to seal the following documents: Exhibits 4-17 attached to Defendant Beegle's Motion for Summary Judgment and Exhibits 5-13 attached to Defendant Wexford's Medical Motion for Summary Judgment. (ECF Nos. 201, 203). Defendants Beegle and Wexford are **ORDERED** to provide the Clerk of Court with the exhibits within **ten (10) days** of the date of this Order, so that the exhibits can be made part of the official record and sealed. Defendants shall also promptly provide the exhibits to the parties in this case, to the extent the records have not already been produced to them. The parties are **ORDERED** to keep the records confidential, **although** information taken from the records **may be used as needed** to

support or oppose a motion for summary judgment.

The undersigned is cognizant of the well-established Fourth Circuit precedent recognizing a presumption in favor of public access to judicial records. *Ashcraft v. Conoco, Inc.,* 218 F.3d 288 (4th Cir. 2000). As stated in *Ashcraft,* before sealing a document, the Court must follow a three step process: (1) provide public notice of the request to seal; (2) consider less drastic alternatives to sealing the document; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. *Id*. at 302. In this case, Defendants' motion shall be sealed and will be designated as sealed on the Court's docket. The Court deems this sufficient notice to interested members of the public. The Court has considered less drastic alternatives to sealing the document, but in view of the confidential nature of the records, no such alternatives are feasible at this time. Moreover, while the records themselves will not be available to the public, information from the records, which is used in support or in opposition of the dispositive motions, will be available so that the key information used by the Court in resolving the motions will be accessible. Thus, the Court finds that sealing the records does not unduly prejudice the public's right to access court documents.

The Clerk is instructed to provide a copy of this Order to Plaintiff, counsel of record, and any unrepresented parties.

**ENTERED**: August 18, 2020

Cheryl A. Eifert
United States Magistrate Judge